JS 44 CAND (Rev. 12/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mitsui O.S.K. Lines, Ltd.

### DEFENDANTS
Global Alliance Logistics (L.A.), Inc.; Global Alliance Logistics(MIA), Inc.; Global Alliance Logistics (NYC), Inc. and DOES 1 through 20

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Conte C. Cicala
FLYNN, DELICH & WISE LLP
343 Sansome St., Suite 540, San Francisco, CA 94104  (415) 693-5566

Attorneys *(If Known)*   12-936 MEJ

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
46 USC 40101 et seq.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA

DATE 02/24/2012   SIGNATURE OF ATTORNEY OF RECORD



1  ERICH P. WISE (Bar No. 63219)
   FLYNN, DELICH & WISE LLP
2  One World Trade Center, Suite 1800
   Long Beach, CA 90831
3  Telephone:    (562) 435-2626
   Telecopier:   (562) 437-7555
4  Email:        erichw@fdw-law.com

6  CONTE C. CICALA (Bar No. 173554)
   FLYNN, DELICH & WISE LLP
   343 Sansome Street, Suite 540
7  San Francisco, CA  94104
   Telephone:    (415) 693-5566
8  Telecopier:   (415) 693-0410
   Email:        contec@fdw-law.com

   Attorneys for Plaintiff
10 MITSUI O.S.K. LINES, LTD.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MITSUI O.S.K. LINES, LTD.            ) Case No.: CV 12 0936
                                     )
        Plaintiff,                   ) **COMPLAINT FOR DAMAGES AND**
                                     ) **ACCOUNTING**
    vs.                              )
                                     )
GLOBAL ALLIANCE LOGISTICS (L.A.),    )
INC.; GLOBAL ALLIANCE LOGISTICS      )
(MIA), INC.; GLOBAL ALLIANCE         )
LOGISTICS (NYC), INC.; and DOES 1    )
through 20,                          )
                                     )
        Defendants.                  )

Plaintiff MITSUI O.S.K. LINES, LTD. ("MOL") alleges as follows:

JURISDICTION

1.  This is a suit for unpaid freight charges pursuant to an ocean bill of lading, tariff and/or service contract and also trucking charges fraudulently assessed to an ocean carrier

-1-
Complaint For Damages and Accounting
Case No.:

engaged in transportation of cargo pursuant to ocean bills of lading, tariffs and/or service contracts and comprises an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333(1). In the alternative, it presents a federal question under 28 U.S.C. § 1331 in that it arises under the Shipping Act of 1984, as amended, 46 U.S.C. §§ 40101 *et seq.*

## INTRADISTRICT ASSIGNMENT

2. Some or all of the subject service contract(s) contain a clause by which Defendants submit to the jurisdiction and venue of the Northern District of California, which District includes the Port of Oakland where MOL transports cargo by ocean vessel. This action is therefore properly assigned to the San Francisco or Oakland Division of this Court.

## THE PARTIES

3. Plaintiff MOL is now and at all times material herein was a corporation duly organized and existing under the laws of Japan. Plaintiff was, and still is, an ocean carrier and common carrier of goods for hire between United States ports and foreign ports, and properly published tariffs and/or filed service contracts for the transportation of goods of the type and between the ports or areas as hereinafter alleged.

4. Defendants GLOBAL ALLIANCE LOGISTICS (L.A.), INC. ("Global-LA"); GLOBAL ALLIANCE LOGISTICS (MIA), INC. ("Global-MIA") and GLOBAL ALLIANCE LOGISTICS (NYC), INC. ("Global-NYC") are, on information and belief, affiliated corporations organized under the laws of various states in the United States, and are FMC-registered Non Vessel Operating Common Carriers ("NVOCCs").

5. The true names and capacities of defendants sued as Does are unknown to plaintiff. Each of the defendants was, at all times relevant, the agent, employee, joint venturer

and/or co-conspirator of the others and acting in the course and scope of the agency relationship, employment, joint venture and/or co-conspiracy in performing the acts alleged, and each defendant has ratified and approved the acts of its agent(s).

## GENERAL ALLEGATIONS

6. Plaintiff's Bills of Lading, tariff and service contract terms and conditions provide, *inter alia*:

DEFINITIONS

[…] "Merchant" includes the shipper, Holder of this Bill of Lading, Consignee, receiver of the goods, any person owning or entitled to possession of the Goods or this Bill of Lading, and anyone acting on behalf of such person.

[ … ]

FREIGHT

(1) Freight shall be deemed fully earned on receipt of the Goods by the Carrier, whether the Goods are lost or not, and shall be paid and non-returnable in any event. […]

(3) Freight has been calculated on the basis of particulars furnished by or on behalf of the Merchant. If the particulars furnished by or on behalf of the Merchant are incorrect, it is agreed that a sum equal to double the correct Freight less the Freight charged shall be payable as liquidated damages to the Carrier, provided that the Carrier's Tariff does not stipulate otherwise. […]

(5) The Merchant shall be liable to the Carrier for payment of all Freight and/or expenses including, but not limited to, court costs, legal fee and expenses incurred in collecting monies due to the Carrier. Payment of the Freight to a freight forwarder, broker or anyone other than the Carrier or its authorized agent shall not be deemed payment to the Carrier and shall be made at the Merchant's sole risk.

10. Merchant's Responsibility

(1) All of the Persons coming within the definition of Merchant in Clause 1 shall be jointly and severally liable to the Carrier for the due fulfillment of all obligations of the Merchant in this Bill of Lading.

(2) The Merchant warrants to the Carrier that the particulars relating to the Goods as set out overleaf have been checked by the Merchant on this Bill of Lading and that such particulars and any other particulars furnished by or on behalf of the Shipper are accurate and correct. …

(3) The Merchant shall indemnify the Carrier against all loss, damage, expense and fines arising or resulting from any breach of any of the warranties in Clause 10(2) hereof…

-3-

Complaint For Damages and Accounting
Case No.:

7. At all times relevant, MOL and Defendant Global-LA were parties to Service Contracts numbered 8018070B10, 8018070B09, 8018070B08, 8018070A06, 8018070A05, 5199014A04, and 8018070A03 which incorporate by reference the terms and conditions of MOL's bill of lading and tariff.

8. At times relevant, Defendants were "Shippers," "Consignees" and/or "Merchants" (as those terms are used in the MOL B/L, tariff and service contracts) with respect to various shipments for which proper bills of lading and freight bills were issued by or on behalf of Plaintiff. The said shipments were tendered for transportation between United States and foreign ports on board ocean vessels for which freight charges lawfully were incurred in favor of MOL pursuant to the aforesaid tariff and contracts of carriage.

9. Under the Shipping Act, 46 U.S.C. §§ 40101 et seq., as well as the applicable contracts of carriage, Defendants are obligated to pay the entire amounts of freight due under the applicable tariff and/or service contract for each shipment. However, it has been determined that, during times relevant, Defendants have repeatedly obtained transportation of property at less than the rates or charges established by MOL in its published tariff and in the service contracts on file with the United States Federal Maritime Commission.

10. MOL has audited approximately forty-five bills of lading shipped under Service Contract 8018070B10, dating from approximately May 2010 to January 2011 and has determined that, on balance, an amount exceeding $250,000.00 (or according to proof) remains due and owing from Defendants with respect to those audited bills of lading. Discovery, investigation and analysis are continuing, and MOL expects to find additional amounts due and owing as this process continues.

-4-

Complaint For Damages and Accounting
Case No.:

11. In addition to the foregoing, MOL has discovered an additional means by which defendants have wrongfully deprived MOL of revenue. Like other ocean carriers, MOL transports shipments of cargo on both a "port-to-port" and "door-to-door" basis, or in combinations thereof. In the former instance, MOL's responsibility is simply to transport the cargo from one port to another. In the latter, in addition to the actual ocean move from port to port, MOL may assume responsibility to make arrangements and pay for inland moves to the port of loading and/or from the port of discharge. Ocean transportation that includes inland transportation to and/or from a door location is also referred to, *inter alia*, as "through carriage" or "through transport."

12. Among MOL's customers are NVOCCs, which are sometimes called "paper carriers" because, as to the actual cargo interests, they have the same responsibility as a vessel operating common carriers ("VOCCs"), but do not themselves operate ships. With respect to actual VOCCs such as MOL, NVOCCs act as a shipper or customer of services.

13. Defendants hereto were MOL's NVOCC customers that, either together or separately, routinely and at all times relevant booked and/or arranged to be booked shipments with MOL for "door" pick-up of cargo to be carried to the United States from "Shenzhen," an area within Guangdong Province in South China, and other points within Guangdong Province. With respect to each shipment so booked, MOL was required by its contracts to pay the cost of trucking the shipments from the places of origin – thought to be a factory or warehouse – to the ports of loading.

14. As a result of this arrangement, whenever these customers represented to MOL that they had shipments that had to be picked up in the above-referenced locations, MOL was billed and paid for truck services that were said to have been arranged on MOL's behalf.

-5-

Complaint For Damages and Accounting
Case No.:

15. In auditing shipments booked by or on behalf of the defendants for carriage from the above-referenced locations to the United States, MOL has discovered that the contracts of carriage entered into by the defendants with their cargo interests provided for the receipt of cargo directly at the ports of loading in China. Thus, the customers of defendants had to arrange and pay for all origin truck services. No truck services were actually provided on MOL's behalf, and the shipments were delivered directly to the ports of loading by truck at no cost to the defendants.

16. Collectively, defendant NVOCCs received hundreds of such shipments at the port, yet booked and/or received those same shipments with MOL for "door" pick-up services that were either unnecessary or never occurred. The defendant NVOCCs knew or should have known that their actions would and in fact did induce and cause MOL to pay for truck services which were not necessary and/or were not rendered. On information and belief, the defendants hereto acted in concert and/or aided and abetted one another as part of an overall scheme to defraud and deceive MOL and serve their own financial interests at MOL's expense.

17. As a consequence of the foregoing, MOL has been further damaged according to proof, in an amount presently calculated in excess of $180,000.00.

18. MOL has also incurred additional expenses and costs relating to these shipments, and will continue to do so, including auditing expenses and attorney fees and costs incurred in this action in collection of these costs, all of which are according to proof, but in any event in excess of the jurisdictional minimums, if any, of this Court.

**FIRST CLAIM FOR RELIEF**
**BREACH OF MARITIME CONTRACT/SHIPPING ACT**

19. MOL incorporates by reference paragraphs 1 to 18.

-6-

Complaint For Damages and Accounting
Case No.:

20. Pursuant to the Subject B/L and otherwise, Defendants agreed and otherwise became bound to pay MOL for ocean freight and related charges in amounts provided by service contract and/or tariff, and also to indemnify MOL against any loss or damage resulting from any breach of warranty regarding the accuracy and correctness of particulars furnished on behalf of the Merchant. However, Defendants have repeatedly obtained transportation of property at less than the rates or charges established by MOL in its tariff or service contract, and/or repeatedly provided inaccurate and incorrect particulars with respect to shipments, causing MOL damage and loss.

21. Based on discovery, investigation and analysis to date, Defendants owe at least $250,000.00 (or according to proof) in outstanding freight charges and/or loss and damage resulting from inaccurate and incorrect particulars. Plaintiff has demanded payment of the outstanding ocean freight charges from Defendant and/or hereby demands payment thereof.

22. Plaintiff has performed each and all of its obligations, actual and implied, arising pursuant to its contracts with Defendants and imposed by law.

## SECOND CLAIM FOR RELIEF
## ACCOUNTING/BREACH OF CONTRACT

23. MOL incorporates by reference paragraphs 1 to 22.

24. MOL has audited some, but not all, shipments tendered by Defendants during the relevant time period. Given that the audit to date has revealed repeated instances of incorrect charges, on information and belief, further auditing is necessary in order to determine additional amounts for which Defendants are liable.

-7-

Complaint For Damages and Accounting
Case No.:

25. On information and belief, Defendants, and each of them, are in possession of information including which will accurately identify correct freight charges and other damages for such additional shipments.

26. Any additional balance of unpaid and/or underpaid freight and/or other damages due MOL, therefore, can only be ascertained by accounting.

### THIRD CLAIM FOR RELIEF
### INTENTIONAL MISREPRESENTATION

27. MOL incorporates by reference paragraphs 1 to 26.

28. By booking and receiving shipments for nonexistent door moves, defendants, and each of them, falsely represented to MOL that such moves were in fact required and provided. Each booking which called for such a move, and each invoice or other charging document for nonexistent truck moves, and each other communication and action consistent with there being truck moves – when there were no truck moves –was false when made.

29. The foregoing false representations were made over the course of years by various agents, employees, joint venturers, co-loaders, and/or co-conspirators of defendants. In reliance thereon, MOL repeatedly paid trucking companies for services which were neither necessary nor provided.

30. The foregoing conduct was intentional and willful, and despicable.

31. MOL has been damaged thereby, according to proof, in excess of $180,000.

### FOURTH CLAIM FOR RELIEF
### NEGLIGENT MISREPRESENTATION

32. MOL incorporates by reference paragraphs 1 to 31.

33. By booking and receiving shipments for nonexistent door moves, defendants, and each of them, falsely represented to MOL that such moves were in fact required and

-8-

Complaint For Damages and Accounting
Case No.:

provided. Each booking which called for such a move, and each invoice or other charging document for nonexistent truck moves, and each other communication and action consistent with there being truck moves – when there were no truck moves –was false when made. 34. The foregoing false representations were made over the course of years by various agents, employees, joint venturers, co-loaders, and/or co-conspirators of defendants. In reliance thereon, MOL repeatedly paid trucking companies for services which were neither necessary nor provided.

35. MOL has been damaged thereby, according to proof, in excess of $180,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff MOL prays judgment as follows:

1. For money damages in an amount in excess of $430,000.00 according to proof and interest thereon at the legal rate;

2. For an accounting of additional amounts of freight due above and beyond the aforestated amount;

3. For all sums and amounts found to be due and owning from the defendants to plaintiffs as a result of said accounting along with interest thereon at the legal rate.

4. For all costs of suit, attorney fees and other expenses herein incurred;

5. For punitive damages in an amount sufficient to punish defendants for their wrongful conduct.

6. For such and other relief as the Court may deem proper.

DATED: February 24, 2012

FLYNN, DELICH & WISE LLP

By: _____
Erich P. Wise
Conte C. Cicala
Attorneys for Plaintiff
MITSUI O.S.K. LINES, LTD.

-9-

Complaint For Damages and Accounting
Case No.: